IN THE UNITED STATES DISTRICT COURT OF THE VIRGIN ISLANDS DIVISION OF ST. CROIX

JOSEPH ELLIOTT JR.
PLAINTIFF,

V.

GOVERNMENT OF THE VIRGIN ISLANDS
WYNNIE TESTAMARK, DIRECTOR OF THE VIRGIN ISLANDS BUREAU OF CORRECTIONS
DENNIS HOWELL, CHAIRMAN FOR THE VIRGIN ISLANDS BOARD OF PAROLE
THE VIRGIN ISLANDS BOARD OF PAROLE
DEFENDANTS.

CIVIL ACTION: 1:23-CV-00043
COMPLAINT

## CIVIL COMPLAINT

THIS IS A CIVIL ACTION AUTHORIZED BY 42 U.S.C § 1983 TO REDRESS THE DEPRIVATION UNDER COLOR OF TERRITORIAL LAW AND FEDERAL RIGHTS SECURED BY THE UNITED STATES CONSTITUTION.

### I. JURISDICTION AND VENUE

1. THIS COURT HAS JURISDICTION UNDER 28 U.S.C SECTION 1331 AND 1343(a)(3) PLAINTIFF JOSEPH ELLIOTT JR SEEK DECLARATORY RELIEF PURSUANT TO 28 U.S.C SECTION 2201 AND 2202. PLAINTIFF ELLIOTT JR CLAIM FOR INJUNCTION RELIEF IS AUTHORIZED BY 28 U.S.C SECTION 2283 AND 2284 AND RULE 65 OF THE FEDERAL CIVIL PROCEDURE.

2. THE UNITED STATE DISTRICT COURT OF THE VIRGIN ISLANDS IS AN APPROPRIATE VENUE UNDER 28 U.S.C SECTION 1391(b)(2) BECAUSE IT IS WHERE THE EVENTS GIVING RISE TO THE CLAIM OCCURED.

## II. PLAINTIFF

3. Plaintiff Joseph Elliott Jr, is and was at all times mentioned herein a pretrial detainee of the United States Virgin Islands in custody of the Bureau of Corrections. Plaintiff is currently confined in Tallahatchie County Correctional Facility located in Tutwiler, Mississippi.

## III. DEFENDANTS.

4. Defendant Government of the Virgin Islands is a local executive branch that is legally responsible for all the overall operation of each Bureau and Agency Department within the Virgin Islands Territorial District under its jurisdiction. Defendant is held liable and is being sue in its official capacity.

5. Defendant Wynnie Testamark is the Director of the Virgin Islands Bureau of Corrections, she is legally responsible for the overall operation of the Bureau and each institution under her jurisdiction including the John A. Bell Adult Correctional Facility. She is also responsible for overall prisoner, detainee and inmate and has the ultimate custodial authority over plaintiff. She is held liable and is being sue in both her personal and official capacity.

6. Defendant Dennis Howell Chairman of the Virgin Islands Parole Board is legally responsible for the overall operation of the Parole Board rules and regulation and is responsible for the release of all parolee on parole he is held liable and is being sue in both his personal and official capacity.

7. Defendant Virgin Islands Board of Parole an agency comprised within the Bureau of Corrections operates under the legal advice of the Attorney General, who is legally responsible for the enforcement of rules and regulation for this agency. This agency for the Virgin Islands Government is held liable under 42 U.S.C.S § 1983 and is being sue in its official capacity.

## FACTS

8. The plaintiff was sentence to two consecutive term of imprisonment on May 18, 2005. The Superior Court of the Virgin Islands imposed a (15) years sentence for first degree burglary and a (5) years sentence for assault in the third degree. See **EXHIBIT (A)**

9. On August 10, 2015 plaintiff judgement and committment was amended to reflect (15) years imprisonment instead of 20 years according to the two court orders. See **EXHIBIT (B)**.

10. The Bureau of Correction did not comply with this two order and fail to correct plaintiff sentence in the Computation Sentence Data Record within Classification.

11. Plaintiff 15 years sentence has long expired since November 3, 2016 and the B.O.C official refuse to release plaintiff and erroneously held him on a (5) years consecutive term that was and error.

12. On December 5, 2016 the Board erroneously parole plaintiff for a hearing on this (5) years term.

13. On December 22, 2016 the Board of Parole grant plaintiff parole on this erroneous (5) years term.

14. The Board of Parole enter a certificate of full discharge of the May 18, 2005 judgement and committment on January 19, 2017 after releasing plaintiff on the erroneous (5) years sentence see **EXHIBIT (C)** page 3 of 13

15. On September 9, 2021 the Parole Board conducted a revocation hearing without legal jurisdiction and custody of plaintiff was not retaken on a parole violator warrant. Revoking plaintiff parole on September 10, 2021 SEE **EXHIBIT (E)**

16. Parole Board Chairman fail to issue parole arrest warrant or summons or any written documentation to plaintiff prior to the revocation hearing.

17. The Bureau of Corrections official fail to provide any written notice of parole violation through out the eight month plaintiff was in the detention center.

18. The Director of the Bureau of Correction Wynnie Testamark wrongfully detained plaintiff in the general population on or about November 10, 2021. And refuse plaintiff using the grievance system.

19. The removal of plaintiff from detention facility to general population was without legal authority as plaintiff sentence was already expired. According to the January 25, 2021 court order which the trial judge stated that more than 15 years has past.

20. The Assistance Attorney General representing the Director Wynnie Testamark provided misinformation to the January 25, 2021 court order response stating that plaintiff is no longer in custody in case SX-2004-CR-241. **EXHIBIT (F)**

21. However as a result of this misinformation plaintiff writ of Habeas Corpus was denied as moot few months after the Board of Parole and the Government of the Virgin retaken custody of plaintiff which was illegal with intentional misconduct and arbitrary governmental action that result in false imprisonment of plaintiff in custody over (1) year and (11) months.

22. The Bureau of Corrections Attorney Defense Counsel provided misinformation to the Superior Court of the Virgin Islands regard to the January 25, 2021 court order, pertaining to plaintiff current custody.

23. The Director Testamark response was that plaintiff was no longer in custody while plaintiff was still in custody though he was release on parole, custody is extended to conditional liberty.

24. For this reason plaintiff writ of Habeas Corpus was dismiss as moot base on this error by the Bureau of Correction who knew plaintiff was still in custody and provided fraudelent information to the court. Stating that plaintiff was no longer in custody SEE EXHIBIT(D)

25. Director Testamark and Dennis Howell was full aware of plaintiff expire term according to a Time Data Sheet dated from August 13, 2015 SEE EXHIBIT(G).

26. Plaintiff spoke to the (B.O.C) Bureau of Correction Warden about his November 3, 2021 expiration of his full term the Warden Ben Adam took a screen shot picture of plaintiff time sheet on March 21, 2022 and forward it to Director Testamark cellular phone.

27. The Director Testamark did not rectified the error or even attempt to resolve the issue to avoid plaintiff overstay of being held beyond his expiration date

28. Due to the unresponse of the grievance that was filed the (B.O.C) prison official refuse to act or do anything about this problem with plaintiff wrongful detention beyond the expiration sentence imposed by the sentencing judge dated May 18, 2005.

29. THE PLAINTIFF HAS COMPLETED HIS FULL OBLIGATION TO THE MAY 18, 2005 JUDGMENT AND SENTENCE AND WAS ERRONEOUSLY PAROLE ON JANUARY 19, 2017. SEE EXHIBIT (C)

30. AS OF THIS DAY PLAINTIFF HAS BEEN WRONGFULLY DETAIN OVER (1) YEAR 11 MONTHS AND (18) DAYS ACCORDING TO THE AUGUST 13, 2015 TIME SHEET WHICH SHOW THAT PLAINTIFF SECOND ERRONEOUSLY TERM THAT WAS NOT CORRECT IN 2015 BY CLASSIFICATION HAS ALREADY EXPIRED SINCE NOVEMBER 3, 2021. SEE EXHIBIT (G).

## EXHAUTION OF LEGAL REMEDIES

31. ON OCTOBER 4, PLAINTIFF FILED A GRIEVANCE WITH THE BUREAU OF CORRECTION KIOSK COMPUTER SYSTEM.

32. THE PRISON OFFICIAL RESPONSED STATING THAT PLAINTIFF WAIVE HIS DUE PROCESS RIGHT AT THE REVOCATION HEARING.

33. PLAINTIFF APPEAL THIS DECISION ON OCTOBER 17, 2021 STATING THAT HIS SENTENCE HAS A EXPIRATION DATE FOR NOVEMBER AND THAT HIS 4 YEARS FORFIETHURE BY CHAIRMAN FOR THE BOARD OF PAROLE HAS SURPASS THE 5 YEARS EXPIRATION TERM.

34. THE GRIEVANCE WENT UNRESPONSE ON OR ABOUT MARCH OF 2022 PLAINTIFF FILE A HABEAS CORPUS CHALLENGING THE PAROLE REVOCATION DECISION.

35. PLAINTIFF HAS FILED INJUNCTION AND MOTION TO CHALLENGE THIS ILLEGAL WRONGFUL DETENTION WITH NO ACTION DONE TO RECTIFIED THIS VIOLATION OF CONSTITUTIONAL RIGHT TO PLAINTIFF 14 AMENDMENT TO PERSONAL LIBERTY.

# LEGAL CLAIM

36. Defendant Government of the Virgin Islands fail to protect plaintiff right to procedural due process. Plaintiff has suffer a violation of this wrongful detention beyond the expiration of his term impose by the sentencing judge. Plaintiff right to liberty and personal freedom was infriged upon violating plaintiff right under the 14 Amendment U.S Constitution causing plaintiff, pain, suffering, pyschological mental distress, irreparable injury and emotional distress.

37. Defendant Testamark failure to protect plaintiff right to procedural due process by failing to implement a systematic complaint procedure to challenge overstay claim to avoid ongoing wrongful detention within the Bureau of Corrections. Plaintiff has suffer harm from the policy custom practice in place under Defendant Testamark supervision is continue to deprived plaintiff of his right to liberty and personal freedom under the 14 Amendment U.S Constitution causing plaintiff to suffer pain, irreparable injury and emotional distress.

38. By Defendant Testamark unlawfully detaining and falsely imprisoning plaintiff beyond the expiration term of sentence impose by the sentencing Judge, deprived plaintiff of his constitutional right to the Eight Amendment to U.S Constitution of cruel and unusual punishment by failing to take any meaningful action in response to plaintiff complaint in regard to the wrongful detention for (1) year (11) months and (19) days longer than the original (5) years term causing plaintiff pain, suffering irreparable injury, psychological mental distress physical injury, and emotional distress.

39. Defendant Testamark policy custom practice in place under her supervision is violating plaintiff right to liberty as there is no adequate system in place to challenge overstay claim this failure to establish such system has inflicted cruel and unusual punishment and has subject plaintiff to unreasonable arbitrary deprivation to his right to procedural due process clause with the policy practice in place under defendant Testamark supervision. Plaintiff has suffered, and continue to suffer, from emotional distress and physical manifestation of emotional distress as well as other pain and suffering as a direct result of defendant intentional misconduct.

40. PLAINTIFF CONSTITUTIONAL RIGHT TO PROCEDURAL DUE PROCESS SAFEGAURD REQUIREMENT OF THE 14 AMENDMENT U.S CONSTITUTION WAS VIOLATED BY DEFENDANT HOWELL INTENTIONAL MISCONDUCT TO REVOKE PLAINTIFF PAROLE WITHOUT ISSUING A PAROLE VIOLATOR WARRANT OR ANY SUMMON UNDER THE PROVISION OF TITLE 5 V.I.C 4605 DEFENDANT FAILURE TO COMPLY WITH 28 C.F.R § 2.44 AND C.F.R § 2.52(C) AND ANY OF THE REGULATION UNDER PAROLE COMMISSION GUIDELINE HAS DEPRIVED PLAINTIFF OF HIS RIGHT TO LIBERTY AND PERSONAL FREEDOM. CAUSING PLAINTIFF TO SUFFER PAIN, MENTAL ANGUISH EMOTIONAL DISTRESS, PYSCHOLOGICAL MENTAL DISTRESS IRREPARABLE INJURY AND EMOTIONAL DISTRESS.

41. DEFENDANT HOWELL FAIL TO PROTECT PLAINTIFF DUE PROCESS RIGHT BY IMPROPER REVOCATION PROCESS WITH DELAY OF (8) EIGHT MONTH WITH NO OPPORTUNITY TO BE HEARD BY FAILING TO PROVIDED NOTICE OF PROBABLE CAUSE PRIOR TO REVOCATION HEARING DENYING PLAINTIFF RIGHT TO A PROMPT HEARING TO CHALLENGE ANY ALLEGATION OF THE FACT FINDER ACCUSATION OR ANY EVIDENCE OR WRITTEN DOCUMENT AS REASON FOR THE PROBABLE CAUSE. DEFENDANT HOWELL ILLEGAL ACTION AND GROSS NEGLIGENT CAUSE PLAINTIFF TO SUFFER HARM BY THE POLICY PRACTICE OF THE REVOCATION PROCESS CAUSING PAIN, SUFFERING, MENTAL ANGUISH EMOTIONAL DISTRESS, BY VIOLATING BOTH THE 8th AND 14 AMENDMENT TO THE U.S. CONSTITUTION.

42. DEFENDANT VIRGIN ISLANDS BOARD OF PAROLE POLICY CUSTOM PRACTICE IS UNCONSTITUTIONAL IN REVOCATION OF PAROLE PROCESS. DEFENDANT POLICY PRACTICE IS CAUSING HARM TO PLAINTIFF A PRETRIAL DETAINEE AWAITING TRIAL WITH PAROLE BEING REVOKED PRIOR TO ADJUDICATION OF GUILT DENYING PRIVILEGE AGAINST SELF-INCRIMINATION WHICH VIOLATES PLAINTIFF CONSTITUTIONAL RIGHT TO THE 5th AMENDMENT U.S CONSTITUTION CAUSING PLAINTIFF PAIN, SUFFERING, IRREPARABLE INJURY MANIFESTATION OF EMOTIONAL DISTRESS AND PSYCHOLOGICAL MENTAL DISTRESS.

43. PLAINTIFF JOSEPH ELLIOTT JR. HAS NO PLAIN, ADEQUATE OR COMPLETE KNOWLEGE AT LAW TO REDRESS THE WRONG DESCRIBED HEREIN. PLAINTIFF HAS BEEN AND WILL CONTINUE TO SUFFER IRREPARABLE INJURED BY THE UNLAWFUL CONDUCT OF DEFENDANTS UNLESS THIS COURT GRANTS THE DECLARATORY AND INJUNCTIVE RELIEF WHICH PLAINTIFF SEEKS

### PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF RESPECTFULLY PRAY THIS COURT ENTER JUDGMENT: GRANTING PLAINTIFF ELLIOTT JR A DECLARATION THAT THE ACTS AND OMISSIONS DESCRIBED HEREIN VIOLATE HIS RIGHTS UNDER THE CONSTITUTION AND LAWS OF THE UNITED STATES, AND A PRELIMINARY AND PERMANENT INJUNCTION ORDERING THE DEFENDANTS OF THE VIRGIN ISLANDS BUREAU OF CORRECTION AND VIRGIN ISLANDS BOARD OF PAROLE, WYNNIE TESTAMARK, AND DENNIS HOWELL TO CEASE AND

Desist thier arbitrary acts toward plaintiff Elliott and

Granting plaintiff Elliott Jr compensatory damages in the amount of $3.3 million against Defendant Government of the Virgin Island and the Virgin Islands Board of parole jiontly and severally.

Plaintiff seeks punitive damages in the amount of $4.5 million against Defendant Wynnie Testamark and the Government of the Virgin Islands jointly and severally.

Plaintiff also seek a jury trial on all issues trial by jury.

Plaintiff also seek recovery of thier cost in this suit and any additional relief this court deems just, proper ad equitable.

Dated: 8-26-2023

Respectfully Submitted,
By: [signature]

## VERIFICATION

I have read the foregoing complaint and hereby verify that the matters alleged therin are true, except as to matters alleged on information and belief, as to those, I believe them to be true. I certify under penalty of perjury that foregoing is true and correct.

EXECUTED AT TUTWILER, MISSISSIPPI ON 8-26-203

*Joseph Elliott Jr #231509*

JOSEPH ELLIOTT JR #231509

ACKNOWLEDGEMENT

THE FOREGOING INSTRUMENT WAS ACKNOWLEDGED BEFORE ME THIS 26 DAY OF AUGUST 2023.

IN WITNESS WHEREOF, I HEREUNTO SET MY HAND AND OFFICIAL SEAL.

( NOTARY SEAL )

_____
NOTARY PUBLIC

MY COMMISSION EXPIRES: 2024

(Notary seal: STATE OF MISSISSIPPI, PAMELA ANDERSON, NOTARY PUBLIC, ID No. 178560, Commission Expires January 5, 2024, COAHOMA COUNTY)

page 12 of 13



# CERTIFICATE OF SERVICE

I HEREBY CERTIFIED THAT A COPY OF JOSEPH ELLIOTT JR CIVIL COMPLAINT IS HEREBY SERVE UPON THE CLERK OFFICE OF THE DISTRICT COURT OF THE VIRGIN ISLANDS ST. CROIX DIVISION BY DEPOSITING A COPY OF CERTIFIED MAIL IN THE INTERNAL MAILING SYSTEM OF THE TALLAHATCHIE COUNTY CORRECTIONAL FACILITY ON THIS 3rd DAY OF OCTOBER 2023.

THE FOREGOING IS TRUE AND CORRECT SWORN TO UNDER THE PAINS PENALTIES OF PERJURY PURSUANT TO 28 U.S.C.A § 1746

RESPECTFULLY SUBMITTED BY:
JOSEPH ELLIOTT JR #231509

DATED: 10-3-2023